CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 30, 2025
LAURA A. AUSTIN, CLERK
BY:
            s/A. Beeson
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LARRY LYNN LONDON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:23cv00700** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **S. STILTNER, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Larry Lynn London, a Virginia inmate acting *pro se*, alleges claims relating to an incident where plaintiff slipped and fell on a prison kitchen floor.  Defendants I. Hamilton, Mr. McCoy, S. Stiltner, and J. Wade filed a Motion to Dismiss, which was joined by defendants L. Fields and K. Looney.  Upon consideration of the pleadings and the law, the Motions to Dismiss will be granted and this matter will be dismissed in its entirety for the following reasons.

## I.  FACTUAL BACKGROUND

In considering a Motion to Dismiss, the court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).  In the light most favorable to the plaintiff, this suit is based upon the following events as set forth in London's Complaint.  Dkt. No. 1.  The court has also considered the attachments to plaintiff's Complaint which are integral to and explicitly relied on in the complaint.  *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

London is a Virginia inmate who was at Keen Mountain Correctional Center when the incident giving rise to this lawsuit occurred.  Plaintiff was working in the kitchen.  On October 21, 2021, at around 7:30 a.m., plaintiff was ordered by a supervisor to pick up the oatmeal pan and bring it back to the food line.  On the way back to the food line, London slipped on the floor and the metal grate that covers the drain in front of the steam kettle.  Plaintiff fell to the floor

while holding the pan of hot oatmeal.  London alleges that his face was "very close to being inside the pan of boiling oatmeal, the plaintiff immediately thought his face was burnt off, and his back was broken."

Plaintiff reported to correctional Officer Looney that he slipped and fell and was feeling severe sharp pain in his back and face burns.  London asked to see a doctor as soon as possible.

London alleges that prior to his accident, S. Stiltner submitted an accident report to Looney suggesting that non-slip material be placed on the grates for safety.  On the day of the accident, there were no caution signs for wet floor or non-slip mats.  The non-slip mats had been rejected because they created a tripping hazard.

## II.  CLAIMS AND DEFENSES

London asserts that his slip and fall resulted in a back injury requiring a surgery that is pending to correct his spine.  He requests $100,000 for physical, mental, and emotional distress, in addition to punitive damages for pain and suffering.  Plaintiff alleges claims for deliberate indifference under the Eighth Amendment, due process, negligence, and criminal conspiracy, citing 18 U.S.C. §§ 241, 242.  Plaintiff has also asserted that he should be entitled to worker's compensation benefits.

Defendants move to dismiss under FED. R. CIV. P. 12(b)(6) on the grounds that plaintiff fails to state a claim under 42 U.S.C. § 1983 for Eighth Amendment deliberate indifference or for a due process violation.  Defendants also maintain that London has not alleged any personal involvement in the alleged constitutional violations for any of the named defendants.  Defendants argue further that sovereign immunity bars plaintiff's state law claims, there is no private right of action under §§ 241, 242 of the United States Criminal Code, and plaintiff is not an "employee" under the Virginia Workers' Compensation Act.

## III. DISCUSSION

### A. 12(b)(6) Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of
Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most
favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-
pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is
improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual
allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A
plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681
(2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A
pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause
of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of
'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and
courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*,
551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold
of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-
23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the
work of an untutored hand requiring special judicial solicitude," district courts are not required to
"conjure up questions never squarely presented to them" or to "construct full blown claims from
. . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B.  42 U.S.C. § 1983 Claims**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting

under color of state law deprived him or her of a constitutional right or of a right conferred by a

law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d

653, 658 (4th Cir. 1998).  A legally sufficient claim for an alleged violation of a federal

constitutional right contains allegations "that each Government-official defendant, through the

official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

A successful Eighth Amendment claim based on unconstitutional conditions of

confinement must allege facts showing "(1) that objectively the deprivation of a basic human

need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a

'sufficiently culpable state of mind.'"  *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998)

(quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Courts have held that slip-and-fall

accidents do not meet the standards for an Eighth Amendment conditions of confinement claim.

*See, e.g.*, *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (failure to keep a

kitchen floor dry was not cruel and unusual punishment under the Eighth Amendment).  At best,

plaintiff has stated a claim for negligence, which does not rise to the level of deliberate

indifference.  *See Lefall v. Johnson*, 48 F. App'x 104, 2002 WL 31017045, at *1 (5th Cir. Aug.

20, 2002) (affirming dismissal of slip and fall claim caused by a wet floor due to a "persistent

plumbing problem" because the factual allegations "show only that these defendants were aware

of plumbing leaks; they do not show that these defendants acted with deliberate indifference to a

substantial risk of serious harm" and "at most, Lefall alleges a claim of negligence, which is not

actionable under 42 U.S.C. § 1983"); *Watkins v Lancor*, No. 13-C-0007, 2013 WL 812521, at *1

(E.D. Wis. Mar. 5, 2013) (dismissing claim by inmate who slipped and fell in the prison kitchen because the plaintiff "has not alleged any facts indicating that the conditions in the kitchen support anything other than an ordinary negligence case").

For similar reasons, plaintiff's allegations are not sufficient to state an actionable due process claim. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (jail official leaving a pillowcase on a stairway due to negligence does not constitute the deprivation of a liberty interest in violation of the Fourteenth Amendment). Due process is "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* at 328 (emphasis in original).

Finally, London has not sufficiently alleged the personal involvement of any of the named defendants. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability under § 1983 is "personal, based upon each defendant's own constitutional violations"). Plaintiff does not allege that any of the defendants were responsible for or even aware that the floor was wet and slippery on the day of his fall. Plaintiff appears to allege that defendant Stiltner was aware of a possible issue as Stiltner had previously suggested the use of non-slip mats to cover the metal grate, but this is not a plausible allegation that Stiltner was responsible for the floor being wet, slippery, or hazardous on the day that plaintiff injured himself.

For these reasons, plaintiff's § 1983 claims will be dismissed.

## C. __State Law Claims__

In addition to his federal constitutional claims, London appears to bring a state law negligence claim against the defendants. Sovereign immunity bars negligence claims for damages against prison officials employed by the Commonwealth. *See Coppage v. Mann*, 906 F. Supp. 1025, 1047–48 (E.D. Va. 1995) (granting summary judgment for state prison employees

on inmate's negligence claims); *Messina v. Burden*, 321 S.E.2d 657, 660 (Va. 1984).[1]  In

Virginia, a government agent entitled to the protection of sovereign immunity is not immunized

from suit.  Instead, to be held liable, "the degree of negligence which must be shown to impose

liability is elevated from simple to gross negligence."  *Colby v. Boyden*, 400 S.E.2d 184, 186 (Va.

1991).  Gross negligence is a "heedless and palpable violation of legal duty respecting the rights

of others which amounts to the absence of slight diligence of the want of even scant care."

*Chapman v. City of Virginia Beach*, 475 S.E.2d 798, 801 (Va. 1996).

Plaintiff has not plausibly alleged that any of the defendants acted in a manner that was

grossly negligent, as opposed to merely being negligent.  The alleged failure to install non-slip

mats, not keeping the floor dry, and the absence of warnings about a slippery floor do not

demonstrate the "absence of slight diligence," *Chapman*, 475 S.E.2d at 801.  London argues that

he can establish gross negligence because the defendants knew about the hazard and failed to

establish "correct" protocols before the injury occurred.  *See* Dkt. No. 57.  Plaintiff claims that

Stiltner attempted to have non-slip mats installed but mats were not used because they were

considered a tripping hazard.  Thus, there were no easy solutions to address the slipperiness that

naturally results from the condensation of steam in a kitchen with a steam kettle.  The failure to

install non-slip mats or to use other measures to prevent slipping does not satisfy the high

standard for gross negligence.  *See, e.g.*, *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va.

1987) (finding that the failure to install railings or post warnings around an orchestra pit to

---

[1] The defendants are prison employees and officials who satisfy the factors for sovereign immunity with respect to negligent conduct.  *See Messina*, 321 S.E.2d at 663 (listing the four factors considered by courts: (1) the nature of the function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment and discretion).

prevent falling "amounts, at the most, to ordinary negligence and a failure to exercise reasonable care").

Further, to the extent that there may be a cause of action under the Virginia Tort Claim Act, the limited waiver of sovereign immunity in the VTCA applies only to the Commonwealth and not to its employees. *See Rector & Visitors of the Univ. of Va. v. Carter*, 591 S.E.2d 76, 78 (Va. 2004). Also, VTCA claims cannot be heard as supplemental claims in federal court. *See Creed v. Virginia*, 596 F. Supp. 2d 930, 938–39 (E.D. Va. 2009) (finding that the court could not exercise supplemental jurisdiction over VTCA claim because the VTCA explicitly limits jurisdiction over claims to Virginia Courts).

For these reasons, the state law claims will be dismissed.

### D. **Criminal Conspiracy**

Plaintiff's complaint cites two federal criminal statutes and claims that defendants should be liable for criminal conspiracy. *See* 18 U.S.C. § 241 (making it a crime if "two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States"); 18 U.S.C. § 242 (criminalizing the "willfull[] subject[ion] [of] any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States"). Neither statute provides for a private, civil cause of action. Accordingly, this claim must be dismissed. *See, e.g., Farr v. Davis*, Case No. 16-2180-CM, 2017 WL 1133833, at *1 (D. Kan. Mar. 27, 2017) (rejecting claim for violation of 18 U.S.C. § 242 because it provides no private right of action); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (holding that there is no private cause of action for alleged violations of 18 U.S.C. § 241 and 18 U.S.C. § 242).

### E. __Workers' Compensation__

Finally, plaintiff asserts that he should be compensated under the Virginia Workers' Compensation Act.  To be eligible for benefits, a person must be an "employee," which is a "person . . . in the service of another under any contract of hire . . . written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer."  Va. Code § 65.2-101.  Prisoners in Virginia who are not on work release are not employees under the Act.  *See Commonwealth v. Woodward*, 452 S.E.2d 656, 658 (Va. 1995) ("As a prisoner under sentence, he was not at liberty to contract unilaterally for personal services . . . he was given limited opportunity within the rules and confines of the correctional system to request particular work and to earn a limited sum dependent upon specific assignment by the Department of Corrections.").  Therefore, this claim is also subject to dismissal.

### III. Conclusion

Based on the foregoing, the court will issue an appropriate order that grants the defendants' Motions to Dismiss.

Enter:  June 29, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge